IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| CHRISTOPHER MORALES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAGEN, INC., )<br>)<br>Defendant. ) | No.  09-CV-1042 |

### REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Plaintiff's motion to remand this diversity case back to state court (d/e 4). For the reasons below, the Court recommends that the motion be granted.

On January 20, 2009, Plaintiff filed his Complaint in Putnam County Circuit Court, alleging that Defendant had discharged him in retaliation for Plaintiff's exercise of his rights under the Illinois Workers Compensation Act (the "Act").  According to the allegations, Plaintiff began working as a laborer for Defendant on October 31, 2007, and was injured in a work-related accident on November 17, 2007.  Defendant terminated Plaintiff on March 12, 2008, allegedly in retaliation for Plaintiff's exercise of his rights

under the Act. In his Complaint, alleges that he has "suffered lost wages and benefits and has been humiliated and embarrassed and has suffered mental anguish and is entitled to exemplary damages." (Complaint ¶ 9). He seeks actual damages "in excess of $50,000" and attorney's fees.

Defendant timely removed the case to federal court, asserting diversity jurisdiction.[1] Plaintiff followed with a motion to remand, asserting that he had signed an affidavit, after removal, averring that he did not seek more than $75,000 in damages. Defendant refused to stipulate to dismissal based on the affidavit and asserts that diversity jurisdiction still exists.

Plaintiff's affidavit cannot be considered, since it was filed after removal. In re Shell Oil Co., 970 F.2d 355 (7th Cir. 1992)(postremoval statements do not defeat jurisdictional amount; "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints."). The Court must look to the time of removal to determine whether the jurisdictional amount is satisfied. Oshana v. Coca-Cola Co.,

---

[1]The removal petition asserts that Plaintiff's residence is in Illinois. Citizenship (domicile), not residence, is the controlling inquiry for diversity determinations. This deficiency would alone support remand. Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000). However, if this was the only deficiency, the Court would recommend that Defendant be allowed to amend its notice to cure the deficiency. Id. (remanded to state courts after party ignored Seventh Circuit's invitation to amend, pursuant to 28 U.S.C. Section 1653, to disclose citizenship).

472 F.3d 506, 510-11 (7th Cir. 2006)("The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, . . ., or in the event of removal, on the day the suit was removed, . . . .)(citations omitted).

Though Plaintiff's only argument for remand is his affidavit, which cannot be considered, the Court must still make its own determination of whether the jurisdictional amount is satisfied. Smith v. American General Life and Accident Ins. Co., Inc., 337 F.3d 888, 893 (7th Cir. 2003) (Court of Appeals had "independent obligation" to ensure jurisdictional amount met, even if district court and parties had agreed amount was met); In re Brand Name Prescription Drugs Antitrust Litigation, 248 F.3d 668, 671 (7th Cir. 2001)("Jurisdiction cannot be conferred by stipulation or silence.").

Defendant "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006). A court can generally determine the amount in controversy "merely by looking at plaintiff's state court complaint, . . . along with the record as a whole." See Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993) (citation omitted). If the Complaint "provides little information about the value of

[the] claims", "a good faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." Id. at 511. In making this determination, the Court can examine evidence outside the pleadings.  See Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427-28 (7th Cir.1997).  "Once the facts have been established [by a preponderance of the evidence], uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). That is, once the defendants have met their burden, jurisdiction is "defeat[ed] . . .only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" Oshana, 472 F.3d at 511.

      Defendant asserts that the Complaint establishes the jurisdictional amount on its face, because Plaintiff seeks more than $50,000 in actual damages, apparently in addition to exemplary, or punitive damages.  The Complaint, however, gives no explanation of how the $50,000 figure was reached.  Plaintiff seeks recompense for lost wages, but he does not state what his wage was while working at Defendant's, or whether he found other employment after his termination.  There is no information on

Plaintiff's injury, so no inference arises that his injury prevented him from finding other work. Additionally, while punitive damages are available on retaliatory discharge claims, the plaintiff's claim for punitive damages is not supported by any factual allegations. Therefore, the Court cannot conclude that punitive damages would be recoverable in this case, much less that they could make up whatever might be lacking in the jurisdictional amount. *See* Hollowell v. Wilder Corp. of Delaware, 318 Ill.App.3d 984, 988 (5th Dist. 2001)(punitive damages warranted only for malice, fraud, wanton disregard); Conway v. Medical Staffing Network, Inc., 2004 WL 784886 (N.D. Ill. 2004)(not reported in F.Supp.2d)(on retaliatory discharge claim, allegations of termination for reporting theft not enough to determine whether punitive damages would be warranted). As for attorney's fees, only those fees incurred up to the point of removal can be considered in the Court's analysis. Oshana, 472 F.3d at 512. There is no information on what Plaintiff's attorney's fees were at the time of removal.

      The Court agrees with Defendant that damage awards in retaliatory discharge cases can exceed $75,000. *See, e.g.,* Tullis v. Townley Engineering & Manufacturing Co., Inc., 243 F.3d 1058 (7th Cir. 2001)(on retaliatory discharge claim, upholding damages of over $15,000 in lost

wages and over $80,000 for mental anguish); Hollowell v. Wilder Corp. of Delaware, 318 Ill.App.3d 984 (5th Dist. 2001)($50,000 in punitive damages upheld). But that does not mean that a retaliatory discharge claim will automatically meet the jurisdictional amount.  Defendant could have conducted minimal discovery and presented facts to support the jurisdictional amount, such as providing Plaintiff's wage and benefits while working for Defendant, whether and when Plaintiff obtained re-employment, and whether Plaintiff would stipulate, in response to a request, that he was seeking less than $75,000.  Defendant should already know the answer to the first question, and the others could have been answered through short discovery requests.

Each of the cases cited by Defendant had something more than what is offered here to support the jurisdictional amount.  In Arnold, the Plaintiff sought damages "in excess of $50,000," but he also alleged permanent injury and disability from a ladder fall, and sought recompense for past and future medical costs.  Arnold v. Louisville Ladder Group, LLC, 2004 WL 5572033 (C.D. Ill. 2004)(Judge Mihm, adopting this Court's Recommendation)(not reported in F.Supp.2d).  Similarly, the plaintiff in Choudary alleged severe and permanent injury, had not originally

challenged the jurisdictional amount, and had refused to stipulate that she would not seek more than $75,000.  Choudary v. P&G-Clairol, Inc., 2008 WL 4779137 (N.D. Ill. 2008)(not reported in F.Supp.2d).  Here, Plaintiff is not seeking recompense for a permanent, disabling injury.  Nor did Defendant attempt to pin Plaintiff down on the damages sought with a request for a stipulation or some other kind of discovery request.  *See* Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 541, 543 (7th Cir. 2006)(discussing various methods for showing amount in controversy, including contentions interrogatories and admissions).

  Cunningham, also cited by Defendant, was a worker's compensation retaliatory discharge claim in which the plaintiff sought "in excess of $50,000", but the plaintiff in Cunningham had refused Defendant's request to stipulate that she would limit her request for damages to less than $75,000.  Cunningham v. Manpower Professional Services, Inc., 2008 WL 754004 *3 (S.D.Ill. 2008)(not reported in F.Supp.2d).  Additionally, the plaintiff in Cunningham claimed lost wages into the future, and it is not clear if Plaintiff here claims future lost wages.

In sum, the Court does not believe that Plaintiff's scant and conclusory allegations in the Complaint are enough to satisfy Defendant's burden of showing, by a preponderance of evidence, that more than $75,000 is at stake.  *See*, *e.g.*, Conway v. Medical Staffing Network, Inc., 2004 WL 784886 * 5 (jurisdictional amount not met where plaintiff sought $60,000 in compensatory damages on retaliatory discharge claim, but nothing in record supported that amount, such as wage and employment information); *compare with* Palmer v. American Coal Co., 2008 WL 3200846 (S.D. Ill. 2008)(jurisdictional amount established on retaliatory discharge claim where record showed that annual wages were $72,000 and plaintiff had refused request to stipulate to damages before removal)(not reported in F.Supp.2d).  As there is no other evidence offered to support the jurisdictional amount, the Court will recommend that the motion to remand be granted.

WHEREFORE, the Court RECOMMENDS that Plaintiff''s Motion to Remand be GRANTED (d/e 4) and this case remanded to Putnam County Circuit Court.  The Court also RECOMMENDS in its discretion that no fees be assessed as Defendant had a good faith basis for removing the case to

Federal Court. See 28 U.S.C. 1447(c). See also Garbie v. Daimler Chrysler Corp., 211 F.3d 407, 410-411 (7th Cir. 2000).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   June 17, 2009

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE